UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIE D. ALEXANDER,

      Plaintiff,

v.

NANCY HOWTON, acting in her individual capacity; FRANK THOMPSON, acting in his individual capacity; MICHAEL GOWER, acting in his individual capacity; MAX WILLIAMS, acting in his individual capacity; ROB PERSSON, acting in his individual capacity; JOHN DOES NUMBERS ONE THROUGH FOUR (presently unidentified employees or former employees of the Oregon Department of Corrections), acting in their individual capacities; and the STATE OF OREGON,
      Defendants.

Civil No. 08-101-HA

ORDER

HAGGERTY, Chief Judge:

    Defendants move to dismiss [5] this action on a number of grounds. For the following reasons, this motion is granted.

**BACKGROUND**

    The following factual summary is derived from the allegations presented in the Complaint. These allegations are construed liberally in favor of plaintiff and are accepted as true for the purposes of resolving defendants' motion. Plaintiff resides in Portland, Oregon.

1 -- ORDER

Defendants are employees of the Oregon Department of Corrections and the State of Oregon. On May 23, 1985, plaintiff was sentenced in Multnomah County Circuit Court to two indeterminate five year prison terms for felony convictions. After being released on parole, plaintiff was convicted of two more crimes, assault in the second degree and robbery in the first degree. He was sentenced to two more indeterminate prison terms of five and fifteen years, to be served concurrently with his previous sentences. His release date was tentatively set at May 7, 1992.

Plaintiff subsequently escaped from prison and committed two more crimes. His convictions for those crimes occurred in Marion County on May 1, 1988. Based on these convictions his new tentative release date was set at May 9,1997.

Beginning on November 9,1996, the Board of Parole and Post-Prison Supervision (Board) deferred plaintiff's parole release date four times, amounting to deferrals totaling eight years. The Board's actions were based upon a conclusion that plaintiff suffered from a severe emotional disturbance.

Plaintiff advanced a successful writ of habeas corpus in Multnomah County Circuit Court in July 2003. The granting of the petition was appealed, however, and the Oregon Court of Appeals subsequently overturned the decision. *See Alexander v. Gower*, 113 P.3d 917, 919-20 (Or. App. 2005), *rev. den.* 340 Or. 34 (2006). That court concluded that plaintiff's failure to seek judicial review of an Order issued by the Board on May 14, 2002, "on the ground that he now asserts operates to bar his petition in this case by operation of law." *Id.* at 921.

Plaintiff was released from prison in November 2004 and was subject to parole supervision until July 2007. He filed this action on January 23, 2008, and a form waiving service was executed by counsel for defendants on May 14, 2008. Defendants represent that

2 -- ORDER

they were served on April 14, 2008. Dfts.' Reply at 4. Plaintiff's action asserts a claim for damages under 42 U.S.C. § 1983 for deprivation of liberty without due process of law, and a state claim for damages alleging false imprisonment.

Defendants move to dismiss the suit on several grounds, including claim preclusion and expiration of the applicable statutes of limitations. Because these grounds are meritorious in and of themselves, the court need not provide rulings on defendants' other arguments.

**ANALYSIS**

Generally, dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is denied "unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his [or her] claim" that would entitle the plaintiff to relief. *SmileCare Dental Group v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). For the purposes of resolving a motion to dismiss, the Complaint must be construed liberally in favor of the plaintiff, and the Complaint's allegations are accepted as true. *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004) (citation omitted). Accordingly, a motion to dismiss for failure to state a claim may be granted only if, accepting all well-pled allegations in the Complaint as true and viewing them in a light most favorable to the plaintiff, the plaintiff is not entitled to relief. *Id*.

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations [to survive], a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1959 (2007) (citations, internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the

3 -- ORDER

allegations in the complaint are true." *Id*. This court's review is limited to the face of the Complaint, documents referenced by the Complaint, and matters of which this court may take judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).

Here, plaintiff's Complaint indicates that plaintiff was incarcerated until November 2004, and under parole restrictions until July 2007. It is undisputed that plaintiff filed a petition for writ of habeas corpus, and that the Oregon Court of Appeals determined that the petition, although initially granted, was improper. The Oregon Supreme Court declined review.

"Claim preclusion prohibits a party from relitigating a cause of action against the same defendant involving the same factual transaction as was litigated in the previous adjudication." *Shuler v. Distrib. Trucking Co.*, 994 P.2d 167, 171 (Or. App. 1999). Plaintiff suggests that claim preclusion should not bar this action because "the judgment of the Oregon Court of Appeals addressed only a procedural matter," and that claim preclusion would "more likely defeat any claim *by defendants* on the merits, that is, that plaintiff was not held unlawfully." Pl.'s Opp. at 9 (emphasis in original; footnote omitted).

Whether claim preclusion would apply in a hypothetical suit brought by defendants is irrelevant. Despite plaintiff's evaluation of the state litigation as being resolved by a "procedural matter," an examination of the record establishes that plaintiff's habeas action litigated the legality of his incarceration, and that the defendants named in the state action are the same as those named in this action.

Moreover, claim preclusion applies to the extent that plaintiff's claims could be interpreted as also independently challenging the duration of plaintiff's parole supervision. Plaintiff does not dispute that he sought judicial review of the Board's calculation of his parole supervision period and the deferrals of his parole release. On May 5, 2005, the Court of Appeals

4 -- ORDER

dismissed judicial review as moot. *Alexander v. Board of Parole and Post-Prison Supervision*, CA Al19397 (Or. App. Ct. May 5, 2005). On March 21, 2006, the Oregon Supreme Court denied review. *Alexander v. Board of Parole and Post-Prison Supervision*, SC S53094 (Or. Mar. 21, 2006). Plaintiff was provided with a full and fair opportunity to obtain judicial review of the Board's Orders and decisions. Claim preclusion compels dismissal of plaintiff's action here.

Defendants are entitled to dismissal on the alternative grounds that the applicable statutes of limitations have expired. Plaintiff agrees that a two-year statute of limitations applies to his claims. Pl.'s Opp. at 3. Plaintiff filed this action on January 23, 2008, and defendants were served on April 14, 2008. Any claims for due process violations or false imprisonment arising out of conduct occurring before January 23, 2006, or April 14, 2006, are time-barred. *See* ORS 12.110(1) (statute provides two years to file and serve action). Because plaintiff was released from incarceration in November 2004, his claims involving his incarceration – specifically, false imprisonment – are untimely.

Plaintiff's parole-related claims that pertain to actions committed before January 23, 2006, or April 14, 2006, are similarly time-barred. Plaintiff's assertions that the statute of limitations should be calculated from the date that he was discharged from parole, or that the statute of limitations should be construed as having been tolled, are denied. *See Wallace v. Kala*, 127 S. Ct. 1091, 1099 (2007) (discussing scope of decision in *Heck v. Humphrey*, 512 U.S. 477, 486 (1994)).

**CONCLUSION**

This court concludes that defendants' Motion to Dismiss [5] is granted.

IT IS SO ORDERED.

Dated this   9   day of December, 2008.

                                                <u>  /s/ Ancer L. Haggerty        </u>
                                                          Ancer L. Haggerty
                                             United States District Judge

6 -- ORDER